CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 19 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RANDALL J. KEYSTONE, | ) | Civil Action No. 7:14-cv-00213 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DIRECTOR - VA DOC, | ) | By: Hon. James C. Turk |
| Respondent. | ) | Senior United States District Judge |

Randall J. Keystone, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge the judgment entered by the Circuit Court for Amherst County in 1984. This matter is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing § 2254 Cases. After reviewing the record, the court dismisses the petition as time barred.

**I.**

On December 18, 1984, the Circuit Court for Amherst County sentenced Petitioner to two years' imprisonment for "auto theft."[1] Petitioner did not appeal to the Court of Appeals of Virginia. In March 2006, Petitioner filed a petition for a writ of habeas corpus with the Circuit Court of Amherst County, which denied the petition in May 2006, and Petitioner's appeal of that denial was dismissed in October 2006 as untimely filed. In September 2012, Petitioner filed another habeas petition with the Circuit Court of Amherst County, which promptly denied the petition, and Petitioner's appeal of that denial to the Supreme Court of Virginia was denied in July 2013 as "not properly perfected."

---

[1] Petitioner's response to a conditional filing order did not clarify whether Petitioner is still in custody from a conviction in 1984. If Petitioner is no longer in custody for the "auto theft" conviction, then habeas relief is not available. See, e.g., Lackawanna Cnty. Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001). Nonetheless, even assuming Petitioner is still subject to some form of custody for that conviction in light of his on-going criminal convictions over several decades, the petition is still subject to dismissal as untimely. Consequently, the court does not find it appropriate to order Respondent to answer the petition.

Petitioner filed the instant petition no earlier than April 23, 2014. See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule). The court conditionally filed the petition, advised Petitioner that, inter alia, the petition appeared to be untimely filed, and provided him the opportunity to explain why the court should consider it timely filed. In response, Petitioner argues that the petition is timely filed within one year of July 2013, when the Supreme Court of Virginia dismissed his last appeal.

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[2] The applicable period for the instant petition began to run from the date on which the judgment of conviction became final.[3] 28 U.S.C. § 2244(d)(1)(A); see United States v. Clay, 537 U.S. 522, 524 (2003) (holding a conviction becomes final once the availability of direct review is exhausted). The one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28

---

[2] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

[3] Petitioner did not present any evidence in his response to the conditional filing order to support an argument under subsections (B) through (D). Petitioner alleges in the petition that he discovered alleged "exculpatory" information in his attorney's case file after waiting until 2005 to request the file. Furthermore, the alleged "exculpatory" information consists of judicial orders from the states of Washington and Michigan judicial proceedings in 1983 and 1984. Consequently, Petitioner fails to establish any exercise of due diligence required by 28 U.S.C. § 2244(d)(1)(D), especially in light of his repeated criminal conduct during the intervening decades.

U.S.C. § 2244(d)(2); see Wall v. Kholi, ___ U.S. ___, 131 S. Ct. 1278, 1288-89 (2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final for purposes of § 2244(d)(1) on April 24, 1997, which is one year after the applicable limitations period in § 2244(d)(1) was enacted. See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000) (recognizing a prisoner whose statutory right to seek federal habeas relief accrued before the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C.S. § 2244(d)(1), had a year from the AEDPA's effective date to file a petition). The one-year limitation period expired long before Petitioner filed his first state habeas petition. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (recognizing that a state habeas petition cannot revive a federal limitations period that had already expired). Accordingly, the one-year limitations period expired before Petitioner filed the instant petition.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010).

Petitioner's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, the court does not find any extraordinary circumstances in this record that

prevented Petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting that pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, Petitioner filed his federal habeas petition more than one year after the judgment became final, Petitioner is not entitled to equitable tolling, and the petition must be dismissed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (recognizing a district court may summarily dismiss a § 2254 petition if a petitioner fails to make the requisite showing of timeliness after the court notifies petitioner that the petition appears untimely and allows an opportunity to provide any argument and evidence).

### III.

For the foregoing reasons, the court dismisses the petition for a writ of habeas corpus as time barred and denies Petitioner's motion to appoint counsel as moot. Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 17th day of June, 2014.

/s/ James C. Turk
Senior United States District Judge